SILVER STATE COUNCIL No. 1, OF THE AMERICAN ORDER
OF STEAM ENGINEERS, v. RHODES ET AL.

EQUITY—LABOR ORGANIZATIONS.

A labor organization has no cause of action against another body for adopting regulations the tendency of which is to diminish plaintiff's membership.

*Error to the District Court of Arapahoe County.*

Messrs. ALLEN & MCANDREW, for plaintiff in error.

Mr. I. N. STEVENS and Mr. THOS. D. ADAMS, for defendants in error.

THOMSON, J., delivered the opinion of the court.

The purpose for which this proceeding was instituted is set forth in the prayer of the complaint, which we quote:

"That an injunction issue out of this honorable court, enjoining, restraining and prohibiting the above named defendants, each and all of them, and their said organizations, their servants, agents and employees, both as individuals and organizations, in any manner interfering with or trying by threats, boycotts, strikes or intimidations to break up and destroy or cause the resignation of any member by threats, boycotts, strikes or intimidations of Silver State Council No. 1, American Order of Steam Engineers, plaintiff herein, or by strikes, boycotts or any other threats to compel it or its members to throw up its certificate, articles or charter of incorporation or organization, or to in any manner interfere with the rights and privileges of Silver State Council No. 1, of the American Order of Steam Engineers, plaintiff herein, or its right to exist and enjoy its rights, privileges and freedom under the laws under which it was created, for costs herein expended, and will ever pray."

The complaint avers the capacity in which the plaintiff sues, and the objects of its corporate existence as follows :

" That plaintiff is a corporation organized and existing by and under the laws of the state of Colorado, for the purpose of promoting a thorough knowledge in its members of theoretical and practical steam engineering, to help each other to obtain employment, bury the dead, extend the license law throughout the United States as well as the state of Colorado, and for the further purpose of helping its members according to the terms set forth in its certificate of incorporation, reference of which is hereto made."

The complaint further states that the plaintiff is a "nonstriking labor organization ;" that certain of the defendants are trustees of an organization called " The Trades and Labor Assembly," which is composed of various labor unions of Denver and vicinity, and was organized for the purpose (among other things) " of enforcing the rights of their several component parts by ordering a strike against all other organizations, employers or individuals against whom it or they may have a grievance, and cannot enforce their rights upon which they base their demands ;" that certain other defendants are officers and members of an organization known as " Steam Engineers' Protective Union No. 5703, of The American Federation of Labor," whose objects are to compel all stationary steam engineers to join their order, " and to resort to force by boycotting any one who employs stationary steam engineers not members of said organization," or not subject to its orders or those of the Federation of Labor; and that the members of this organization are also members of the Trades and Labor Assembly.   It is also alleged that in March, 1892, the plaintiff was admitted into, and became a member of, the Trades and Labor Assembly, and in April, 1893, was expelled from that body because its charter, constitution and by-laws, disclosed that it was a "nonstriking" organization ; and that its expulsion was in pursuance of a conspiracy among certain of the defendants, members of the assembly, who, together with the other defendants, have since its expulsion been con-

stantly endeavoring "in all manner and ways, both openly and in secret, to destroy and exterminate" it. This purpose was proposed to be accomplished "by declaring boycotts and strikes and using other means of warfare known to striking labor organizations against any and all who would employ any stationary steam engineer who was a member or belonged to Silver State Council No. 1, of The American Order of Steam Engineers." Some instances are given in which it was attempted to compel engineers belonging to the plaintiff's organization to join the union, or procure their discharge from employment, by threatening to "boycott," and "levy strikes against," their employers.

The complaint containing an averment that the case was too urgent to admit of the delay incident to giving notice, a temporary injunction was granted *ex parte*, which was afterwards, on motion of the defendants, dissolved on the ground that the case made by the complaint was not one of equitable cognizance.

The motion admits the truth of the allegations of the complaint, and the question is whether, taken together, they constitute a cause of action. The plaintiff is a corporation, and to entitle it to relief it must appear that its corporate rights are threatened with some injury of a kind which may be made the subject of an action, and for which courts have the power to afford redress. The complaint is that the defendants have banded together and conspired to "exterminate" the plaintiff; and that they propose to accomplish their purpose by compelling its members to leave it. Of course, when its members have all withdrawn, it will be extinct. We need not discuss the character of the means to be employed for its disintegration. Whether they are legal or illegal, they cannot be made the subject of an action in favor of the plaintiff. It has no property in its members, and in losing them it sustains no damage which the law recognizes as damage. It cannot compel its members to remain with it; and if they are violently driven out of it,—if they are forced to relinquish their membership against their will,

—the grievance is theirs and not the plaintiff's. Or if, for the purpose of forcing their withdrawal, others, by means of " boycotts " or " strikes," are made to suffer, the latter must fight their own battles. The law does not make the plaintiff their champion. The disorganization and resulting extinction of the plaintiff would doubtless be a calamity; but it is one which the law is powerless to avert. We have cited no authorities because we can find none which are of any use. If a case bearing the remotest analogy to this was ever the subject of adjudication, our most diligent effort has failed to unearth any record of it.

The judgment will be affirmed.

*Affirmed.*